The defendant, Lee Landry, raises multiple claims of error on appeal from his convictions on charges of rape, indecent assault and battery, and incest.[2] We affirm.
Discussion. 1. First complaint evidence. The defendant contends that three violations of the first complaint doctrine occurred during the course of the trial, giving rise to reversible error. "We review a judge's decision to admit first complaint evidence for abuse of discretion." Commonwealth v. Rivera, 83 Mass. App. Ct. 581, 583-584 (2013).[3]
The defendant first challenges a statement in the prosecutor's opening. The defendant contends that the prosecutor violated the first complaint doctrine by describing a conversation between the victim and the first complaint witness shortly after the incident, in which the two agreed not to disclose the sexual assault to anyone else.
"The prosecutor could state in her opening statement anything she reasonably, and in good faith, expected to prove." Commonwealth v. Qualls, 440 Mass. 576, 586 (2003). Here, indeed, the prosecutor's description constituted an accurate preview of the first complaint testimony that was later admitted.[4] As the judge instructed the jury, the prosecutor's opening statement was not evidence. The challenged statement was entirely proper.
The defendant next challenges the admission of statements that the victim and her mother made to the defendant during a heated confrontation about the rape. During the confrontation, the victim asked the defendant "how he could do that to her." Her mother (the defendant's sister) demanded an apology and asked the defendant, "how could you do this to me?" After initially saying he "didn't do it," the defendant said, "What do you want to hear? I did it, I fucked her. Are you happy now?"
The evidence was admissible. The first complaint doctrine does not prohibit testimony that, though it constitutes or describes a subsequent complaint, "is otherwise independently admissible" and serves a purpose "other than to repeat the fact of a complaint and thereby corroborate the complainant's accusations." Commonwealth v. Arana, 453 Mass. 214, 220-221, 229 (2009). See Mass. G. Evid. § 413(b) (2018). The testimony at issue here was independently admissible because it served "to provide context for the defendant's admissions" during the confrontation. Commonwealth v. Kebreau, 454 Mass. 287, 300 (2009). See Commonwealth v. Place, 81 Mass. App. Ct. 229, 231-232 (2012). Moreover, neither the victim nor her mother repeated the details of the complaint.
Nor did the testimony of Detective Pike, that a certain diagram depicted "[t]he second floor bedroom where the incident was reported to have occurred," violate the first complaint doctrine. Even where not admissible as first complaint evidence, limited testimony regarding a report of a sexual assault can serve "the independent purposes of providing background information and laying a foundation for the admission of physical evidence." Commonwealth v. McCoy, 456 Mass. 838, 847 (2010). Pike's testimony also did not repeat the details of the complaint; it served as the foundation for evidence regarding the execution of a search warrant at the crime scene and the forensic testing of that evidence, discussed infra. We discern no error or abuse of discretion.
2. Prior bad acts. The defendant claims that the judge erred in admitting the following prior bad act evidence at trial: the testimony of the victim on direct examination that she believed the defendant "was very strong and capable ... of hurting" both her and the first complaint witness; her testimony on redirect that she knew the defendant to have assaulted people previously; the defendant's comments about the first complaint witness, starting when she was thirteen or fourteen years old, that "[h]e thought she was attractive and referred to her as a hot librarian"; and a copy of his mugshot/photograph.
"It is well settled that the prosecution may not introduce evidence that a defendant previously has misbehaved, indictably or not, for the purposes of showing his bad character or propensity to commit the crime charged, but such evidence may be admissible if relevant for some other purpose." Commonwealth v. Helfant, 398 Mass. 214, 224 (1986). See Mass. G. Evid. § 404(b) (2018). "Whether evidence of prior bad acts is relevant, and whether the probative value of such evidence is outweighed by its potential for unfair prejudice, are determinations committed to the sound discretion of the trial judge and will not be disturbed by a reviewing court absent 'palpable error.' " Commonwealth v. McCowen, 458 Mass. 461, 478 (2010), quoting from Commonwealth v. Fordham, 417 Mass. 10, 23 (1994).
In certain circumstances, a witness may permissibly refer to the defendant's prior bad acts to explain the witness's state of mind. See Commonwealth v. McKinnon, 35 Mass. App. Ct. 398, 404-405 (1993) ; Commonwealth v. Hall, 66 Mass. App. Ct. 390, 394 (2006). Such was the case here. The direct testimony was offered to explain why the victim remained quiet during the assault. The redirect testimony was elicited in response to cross-examination pointing out that the victim did not scream, kick, punch, or scratch during the assault. "A witness who has been impeached by [her] testimony that [she] was silent in circumstances naturally calling for expression may explain why [she] was silent." Commonwealth v. Errington, 390 Mass. 875, 880 (1984). In each case the victim's testimony was brief and contained no detail, and the judge gave an appropriate limiting instruction both immediately prior to the redirect testimony, as well as during the final charge. The judge was "entitled to assume that the jurors would follow his instructions." Commonwealth v. McCowen, 458 Mass. at 477.
Similarly, the defendant's comments about the first complaint witness's attractiveness provided further context for the victim's expressed fear that the defendant might harm the first complaint witness during the assault. Especially in the absence of any objection, the judge did not abuse his discretion in admitting the "hot librarian" testimony.
The defendant additionally challenges the admission of his mugshot, introduced through Pike to show his appearance and build near the time of the offense. "Mugshots may be admitted in evidence where '[1] the prosecution shows some need for their introduction, [2] they are offered in a form that does not imply a prior criminal record, and [3] the manner of their introduction does not call attention to their source.' " Commonwealth v. Martin, 447 Mass. 274, 286 (2006), quoting from Commonwealth v. McAfee, 430 Mass. 483, 493 (1999).
The victim testified that at the time of the offense the defendant "was a lot stronger, more muscular and maybe he weighed more" than he appeared at trial. The prosecutor represented that the Commonwealth did not possess a photograph taken closer in time to the incident. The photograph was accordingly relevant, both to depict the defendant's appearance at the relevant time and to give context for the victim's state of mind during the assault. Pike suggested, though she did not expressly state, that the photograph was taken in conjunction with the defendant's arrest on the current charges, rather than any other, unrelated incident. Accordingly, no prior criminal record was implied. The photograph, which we have viewed, was redacted to omit any information overtly reflecting its nature, and we discern no potential for unfair prejudice.
3. Jailhouse telephone calls. The defendant claims that the judge erred in admitting a recorded jail telephone call between the defendant and his mother, in which he mentioned a "slip-up."[5] The Commonwealth asserted that the statement referred to the offense against the victim, while the defendant argued that it was not clear what the defendant was referring to.
The defendant's recorded statement was presumptively admissible as the admission of a party opponent. See Commonwealth v. Spencer, 465 Mass. 32, 46 (2013) ("An extrajudicial statement made by a party opponent is an exception to the rule against the introduction of hearsay, and is admissible unless subject to exclusion on other grounds"); Mass. G. Evid. § 801(d)(2) (2018). Whether the call's prejudicial effect outweighed its probative value was a determination "entrusted to the trial judge's broad discretion." Spencer, supra at 52.
The jury could have reasonably inferred, as the Commonwealth urged, that the defendant was minimizing the offense at issue by referring to it as a "slip-up." The judge did not abuse his discretion in admitting the call. The defendant was free to urge the jury to draw a different conclusion.
4. Forensic testimony. Finally, the defendant claims that the judge erred by admitting what he characterizes as confusing and misleading testimony of a forensic scientist concerning her examination of a particular mattress at the home where the defendant lived at the time of the offense and where the offense allegedly occurred. The mattress in question was not the mattress on which the offense was alleged to have taken place, but was nonetheless examined. It tested positive for blood, but the victim was excluded as a possible source. The scientist described this exculpatory evidence, which was further explored and clarified by the defendant on cross-examination and exploited in his closing argument. The scientist's testimony was not misleading or confusing; if anything, it inured to the defendant's benefit. There was no error.
Judgments affirmed.

The defendant was acquitted of a single count of kidnapping related to the same offense.

The defendant did not object to the first two of these three alleged errors at trial. As we discern no error, whether we review for a substantial risk of a miscarriage of justice or for prejudicial error is inconsequential.

The defendant does not challenge the admission of the testimony described by the prosecutor.

The Commonwealth sought to introduce three of the defendant's jail calls in evidence. Of these, two were ultimately admitted, and one was excluded.